**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Nolan E. Shanahan (NS-4598)

Attorneys for Defendant, Joseph Korff

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOUGLAS E. PALERMO,<br><br>               Debtor. | Case No. 05-25081 (ASH)<br><br>Chapter 7 |
| DAVID R. KITTAY, TRUSTEE<br>             Plaintiff,<br><br>   vs.<br><br>JOSEPH KORFF,<br>             Defendant. | Adv. Pro. No. 08-8204 (ASH)<br><br>**DEFENDANT'S MOTION TO**<br>**WITHDRAW THE**<br>**REFERENCE FROM THE**<br>**BANKRUPTCY COURT** |

Defendant Joseph Korff ("Korff" or "Defendant") hereby moves pursuant to 28 U.S.C. §

157(e) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of this

Adversary Proceeding from the Bankruptcy Court for the Southern District of New York and to

stay all proceedings in the Bankruptcy Court pending the determination of this motion.

## PRELIMINARY STATEMENT

Defendant is entitled to and, as set forth in his Answer to the Complaint in this adversary

proceeding, has requested a jury trial in this action.  Pursuant to the provisions of 28 U.S.C. §

157, the Bankruptcy Court may only conduct a jury trial "if specifically designated to exercise

such jurisdiction by the district <u>and</u> with the <u>express consent of the parties</u>." 28 U.S.C. §

157(e)(emphasis added).  Defendant does not consent to a jury trial in the Bankruptcy Court and

therefore the reference with respect to the instant adversary proceeding must be withdrawn.

Defendant also requests that all proceedings in the Bankruptcy Court, including the

submission of a joint pre-trial order to and attendance a final pre-trial conference before that

Court, be stayed until such time as the instant motion has been decided.

**STATEMENT OF FACTS**

On October 14, 2005 (the "Petition Date"), Douglas E. Palermo ("Debtor") filed a

petition seeking relief under Chapter 7 of Title 11, United States Code in the United States

Bankruptcy Court for the Southern District of New York.

On or about January 23, 2008, the Trustee, David R. Kittay ("Plaintiff") served the

Defendant with an Adversary Complaint (the "Complaint") seeking money damages on the basis

of an alleged fraudulent conveyance by the Debtor to Korff in July 2004.  A true and accurate

copy of the Complaint (without exhibits) is attached hereto as Exhibit A.

Defendant filed and served his Answer on or about February 20, 2008, a true and

accurate copy of which is annexed hereto as Exhibit B.  Contained within the Answer was a

demand for a trial by jury in this adversary proceeding.

While the relief requested in the Complaint is pled in several, alternative fashions, the

ultimate relief requested is the same – money damages in the amount of $300,000 for an alleged

fraudulent conveyance.  This amount corresponds to a pre-petition transfer from the Debtor to

the Defendant that served to the repay an antecedent debt owed by the Debtor to the Defendant.

Documentary discovery in this adversary proceeding has now been completed and party

depositions are scheduled to be completed in the next two (2) weeks.  There are no motions

pending before the Bankruptcy Court and the case is currently scheduled for a final pre-trial

2

conference before Judge Hardin on September 4, 2008. As such, the time is ripe for the instant

motion and the Plaintiff will not be prejudiced in any way by the withdrawal of the reference and

the transfer of the action to the District Court given the current procedural posture of the action.

### ARGUMENT

In light of the foregoing facts, Defendant is clearly entitled to a jury trial in this adversary

proceeding. Because Defendant does not consent to such a trial being conducted in the

Bankruptcy Court, the reference must be withdrawn and the trial must be held in the District

Court.

It is well-established that defendants in adversary proceedings to recover alleged

fraudulent conveyances have an absolute Seventh Amendment right to a jury trial unless they

have submitted to the Bankruptcy Court's equitable jurisdiction by filing claims as creditors.

Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990); see also Granfinanciera, S.A. v. Nordberg, 492

U.S. 33, 46, 49 (1989). Defendant has not consented to the equitable jurisdiction of the

Bankruptcy Court by asserting or filing any claims against the Debtor's estate. As such,

Defendant is entitled to a jury trial.

There can be no credible dispute that the Bankruptcy Court lacks authority to conduct a

jury trial in this case. The Bankruptcy Court is authorized to conduct a jury trial only "if

specially designated to exercise such jurisdiction by the district court and with the express

consent of all the parties." 28 U.S.C. § 157(e); Rickel & Assocs., Inc. v. Smith (In re Rickel &

Assocs., Inc.), No. 98-B-47203, 2003 WL 23021972, at *3 (Bankr. S.D.N.Y. Dec. 24, 2003)( in

the absence of express consent from all the parties, the Bankruptcy Court may not conduct a jury

trial). Defendant has demanded a jury trial and has not consented to such a trial being held in

Bankruptcy Court.

45593/0001-3111169v1

Furthermore, it is respectfully submitted that all proceedings in the Bankruptcy Court be stayed until the instant motion has been determined in accordance with Fed.R.Bankr.P. 5011. Principles of fundamental fairness and judicial economy dictate that, if the trial of this action will be held in the District Court, as is likely given the strength of Defendant's legal arguments as applied to the facts of this action, that all further proceedings should similarly be conducted under the supervision of that Court. "Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation." Gumport v. Growth Fin. Corp. (In re Transcon Lines), 121 B.R. 837, 838 (Bankr. C.D. Cal. 1990). As discussed in greater detail above, given the likelihood that the trial of this matter will be conducted in the District Court, it would be both unfair and a waste of judicial resources to submit a joint pre-trial order to and attend a final pre-trial conference before the Bankruptcy Court. A stay of all further proceedings in the Bankruptcy Court until this application has been heard and determined is appropriate and should be granted. It should be noted, however, that Defendant does not object to proceeding with the completion of party depositions while this motion is pending, as such discovery will be required regardless of the Court that ultimately presides over the trial of this matter.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the reference to the

Bankruptcy Court be withdrawn in this Adversary Proceeding, that all proceedings in this

Adversary Proceeding in the Bankruptcy Court be stayed pending the hearing and determination

of this motion, and that this Court grant such other and further relief as is just, necessary and

proper.

DATED:      New York, New York
            August 7, 2008


                            COLE, SCHOTZ, MEISEL,
                            FORMAN & LEONARD, P.A.
                            A Professional Corporation


                            By:___/s/ Nolan E. Shanahan_____
                                  Laurence May, Esq. (LM-9714)
                                  Nolan E. Shanahan (NS-4598)
                                  Attorneys for Defendant
                                  Joseph Korff
                                  900 Third Avenue, 16th Floor
                                  New York, New York 10022-4728
                                  (212) 752-8000

45593/0001-3111169v1

TO:

STORCH AMINI & MUNVES, PC
Attn:   Bijan Amini (BA-3533)
        Russell Bogart (RB-0320)
        Jonathan Bardavid (JB-0072)
Attorneys for Plaintiff
David R. Kittay, Trustee
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

45593/0001-3111169v1

# EXHIBIT A

STORCH AMINI & MUNVES, P.C.
140 East 45th Street, 25th Floor
New York, New York 10017
Bijan Amini (BA 3533)
Russell Bogart (RB 0320)
Jonathan Bardavid (JB 0072)
212-490-4100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                          :      Chapter 7
                                                :
DOUGLAS E. PALERMO,                             :      Case No. 05 25081 (ASH)
                                                :
                        Debtor.                 :
------------------------------------------------------------- -x
                                                :
  DAVID R. KITTAY, TRUSTEE,                      :      Adv. Pro. No.
                                                :
                        Plaintiff,              :
                                                :
          - against -                           :
                                                :      **COMPLAINT**
                                                :
JOSEPH KORFF,                                   :
                                                :
                        Defendant.              :
------------------------------------------------------------- x

     David R. Kittay (the "Trustee" or "Plaintiff"), as Chapter 7 successor Trustee of the

bankruptcy estate of Douglas E. Palermo (the "Debtor"), by his attorneys, Storch Amini &

Munves, P.C., for his complaint against Joseph Korff ("Korff"), alleges as follows:

### Introduction

     1.     On October 14, 2005, the Debtor filed a petition seeking relief under Chapter 7 of

Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Court").

2.    On October 16, 2005, Eric Kurtzman was appointed Chapter 7 trustee of the Debtor's estate.

3.    Mr. Kurtzman subsequently passed away and, on January 23, 2006, David R. Kittay was appointed Chapter 7 successor Trustee.

4.    Plaintiff is the duly qualified and acting Trustee herein.

5.    This is an adversary proceeding for fraudulent conveyance, conversion, and the turn over of property of the estate pursuant to Sections 542(a) and (e), 544(b), 544(b)(1), 548(a)(1)(A), 548(a)(1)(B)(i) and (ii)(I) and (ii)(III), and 550 of the Bankruptcy Code and Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure.

## Jurisdiction and Venue

6.    This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 1134(b) and 157(a) and (b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

7.    This is a core proceeding under 28 U.S.C. §§ 157(b) (2) (A), (E), (H) and (O) and arises in the Chapter 7 case of the Debtor pending before this Court.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## The Parties

9.    The Plaintiff maintains an office at 100 White Plains Road, Tarrytown, New York 10591.

10.    Joseph Korff is an individual over the age of 18 whom upon information and

2

belief resides at 803 3rd Avenue, New York, New York 10022.

    11.    The Debtor is an individual.


## FACTS

    12.    Since 1970, the Debtor has worked as a self-employed real estate consultant.  The services he provided included identifying real property development sites for clients, procuring financing, and identifying potential purchasers or joint venture partners.

    13.    Morris Silver ("Silver") is a certified public accountant who provided accounting services to the Debtor and to certain of the Debtor's businesses.  Silver also occasionally loaned money to the Debtor before and after 1990.  Silver organized and controlled an entity called Doubet, LLC ("Doubet").

    14.    In 1990, Silver commenced three lawsuits against the Debtor in the Supreme Court of the State of New York, Nassau County, seeking to recover unpaid accounting fees and unpaid notes executed by the Debtor.  Silver obtained three default judgments against the Debtor in 1990, in the aggregate amount of $1,017, 206 ("State Court Judgments").  As of the date of the Debtor's bankruptcy filing, the Debtor owed $2,751,299, including statutory interest, on the State Court judgments.  Silver assigned the three State Court Judgments to Doubet.

    15.    On March 3, 2006, after the filing date, Doubet commenced an adversary proceeding in the Debtor's bankruptcy case titled, <u>Doubet, LLC v. Douglas E Palermo</u>, Adv. Proc. No. 06-8285A (SDNY Bkrptcy), seeking that the Debtor should be denied a discharge under the Bankruptcy Code, 11 U.S.C. §§ 727(a)(2), (3) and (5).  In a July 9, 2007 decision, issued after trial, the Court determined that the discharge should be denied on all three grounds.

3

See the July 9, 2007 Decision annexed hereto as Exhibit A ("The Discharge Decision").

16.     The Discharge Decision found that the Debtor has been insolvent since the time that the State Court Judgments were entered against the Debtor in 1990.  Additionally, the Court found that the Debtor "orchestrated complex deals to evade his creditors" and siphoned "off his money to his various shell entities." Id. at 17-19.

## I.     **Entities That The Debtor Controlled**

17.     N.M. Palermo, Inc. ("N.M. Palermo") was a company organized under the laws of the State of New Jersey on or about December 1927 by the Debtor's grandfather.  N.M. Palermo's corporate charter was declared void by the State of New Jersey in or about May 1981.

18.     Beekman Street Advisory Corporation ("Beekman") was formed in or about 1996 and ceased to exist as a corporation in good standing in 1999.  The Debtor was Beekman's sole shareholder.

19.     Argus Asset Management, LLC ("Argus") was purportedly formed in 2004 and ceased operations in 2005.  The Debtor was the sole shareholder of Argus, which maintained a bank account.

20.     Norfolk Financial, LLC ("Norfolk"), was purportedly formed in 2004 but ceased operations in 2005.  Debtor was the sole shareholder of Norfolk, which maintained a bank account.

21.     Butterfield Trust I LLC ("Butterfield Trust") was purportedly formed by David Buchanan as managing member and sole shareholder between 2001 and 2002.  The management of Butterfield Trust was subsequently transferred to William Chipman, a friend, accountant and business associate of Debtor.

4

22.     Brook Financial LLC ("Brook") was organized in or about 2005 by the Debtor. The Debtor was the sole owner of Brook Financial LLC.

23.     Residual Equity Corp. ("Residual") was organized under the laws of Delaware as a corporation in December 2001.

24.     The above mentioned entities collectively shall be referred to as the "Palermo Entities."

25.     Palermo occasionally conducted his business activities under the names of the Palermo entities and funneled money which he earned to or through such entities.  The Debtor cannot produce any organizational documents for any of these entities.  Upon information and belief, the Palermo entities did not exist as lawful entities, but instead were simply exploited by the Debtor as a 'doing business as' ("d/b/a") the Debtor himself in his business dealings, either for tax purposes or to conceal his assets from his creditors.  The Debtor solely controlled each of the Palermo entities and commingled monies among the Palermo entities.  Hence, each of the Palermo entities represented an alter ego of the Debtor.

## II.     455 Central Park West Transaction

26.     The Trustee's claims in this action are based primarily on a series of lending and real estate transactions engineered by the Debtor to avoid his creditors.  These transactions are briefly summarized below, and described in more extensive detail in the Discharge Decision, annexed at Exhibit A, pp 5-8.

27.     In 1999, the Debtor collaborated with Columbia University and Bovis Lendlease to bid on a parcel of property located at 455 Central Park West (the "CPW Property").

28.     MCL Companies of Chicago ("MCL") submitted the winning bid for the CPW

Property and MCL acquired the CPW Property in 1999.  MCL created several entities for the

purpose of purchasing and developing the property, including 455 CPW, LLC ("455 CPW")

which developed the CPW Property into two buildings comprised of residential condominium

units.

29.     As MCL acquired the CPW Property, the Debtor, based on his relationship with

McLean, introduced Columbia University (with which the Debtor submitted the unsuccessful

bid) to MCL so that Columbia University could purchase condominium units at the CPW

Property from MCL.

30.     Columbia University contracted to purchase 53 condominium units in the 455

Central Park West project from MCL.

31.     MCL agreed to pay the Debtor a fee for introducing Columbia University to MCL

as the buyer of 53 condominium units (the "455 CPW Closing").

32.     On August 28, 2001, Beekman and the Butterfield Trust (two of the Palermo

entities) entered into the First Advisory Service Agreement (the "First Agreement") with 455

CPW.  Pursuant to the First Agreement, Beekman and Butterfield Trust purported to act as the

exclusive financial advisor for 455 CPW in connection with the 455 CPW closing, even though

all services were personally performed by the Debtor.

33.     The First Agreement provided that Debtor would receive compensation totaling

$1,815,520 (the "First Agreement Fee").  The First Agreement provided that $453,880 of the

First Agreement Fee was to be paid to Beekman upon 455 CPW obtaining a construction loan;

the remaining $1,361,640 was payable to Butterfield Trust upon the closing of sale of the 53

condominium units from 455 CPW to Columbia University.

34.     The First Agreement also provided for a "Put and Call" option for Columbia University to purchase an additional 24 condominium units from 455 CPW.

35.     McLean negotiated and executed the First Agreement and dealt solely with the Debtor in connection with the First Agreement.

36.     On or about January 29, 2002, a Second Advisory Services Agreement (the "Second Agreement") was executed between 455 CPW and N.M. Palermo. The Second Agreement provided that 455 CPW would pay N.M. Palermo a 1% fee, or $330,000, for arranging a loan to 455 CPW through iStar, a source introduced by Debtor to 455 CPW. The Second Agreement was signed on behalf of N.M. Palermo by the Debtor and was payable when iStar financed the loan to 455 CPW.

37.     Shortly after signing the First Agreement and Second Agreement, the Debtor requested an advance on his commissions from McLean. McLean agreed and authorized $140,000 in advances to the Debtor, personally, in four $35,000 installments which were paid to the Debtor on February 8, March 14, April 23 and June 3, 2002.

38.     On October 28, 2002, N.M. Palermo and 455 CPW entered into an Amended Advisory Services Agreement (the "Amended Agreement") which amended the First Agreement and the Second Agreement. In the Amended Agreement, it was acknowledged that (1) the Debtor already received an advance of $140,000 on his fees, (2) at the loan closing, iStar, the lender, would advance to Debtor the balance of Beekman's one percent commission, $313,880, which iStar could deduct from the loan to 455 CPW, (3) $1,361,640 was still due to Butterfield Trust upon closing of the sale of the condominium to Columbia University, and 4) Columbia University rather than 455 CPW would pay Palermo's balance at closing.

7

39.     That same day the parties agreed to Debtor's fee arrangement for the "Put and Call" agreement, even though Columbia University never purchased the additional 24 units.  The agreement provided for the same approximate amount due the Debtor, including the same $120,000 due from iStar at the impending loan closing and $203,176 from Columbia University out of the purchase price at the 455 CPW closing ("Put and Call Commission").  However, this agreement, which appears to have superseded the Second Agreement, alters the payor as well as the Palermo entity designated as payee.

**III.     Restraining Notices Are Served on the Debtor**

40.     In February 2003, Silver served two sets of restraining notices on various parties including the MCL Defendants, to facilitate collection of the State Court Judgments from the income due the Debtor under his real estate activities.  See Discharge Decision, p. 9.

**IV.     Debtor Arranges to Circumvent the Restraining Notices**

41.     Subsequent to learning of the first restraining notice, the Debtor arranged for several cash advances against the monies due to him under the First, Second and Amended Agreements from persons or entities not covered by the restraining notices.  See Discharge Decision, pp 10-11.  In exchange, the Debtor assigned to those persons and entities money due from the 455 Central Park West transaction.

42.     These transactions, relevant to the instant complaint, engineered to avoid the restraining notices included: on October 20, 2003, the Debtor arranged a cash advance of an unidentified sum from his acquaintance and associate Joseph Korff.  In exchange, the Debtor assigned Korff $300,000 of his commission at the 455 CPW Closing;

43.     On July 29, 2004, at the 455 CPW Closing, Columbia closed on its purchase of

8

the 53 units from 455 CPW. In 2002, the Debtor already had received the $140,000 advance

from McLean and the $313,880 advance from iStar. As of the time of the 455 Central Park West

Closing, the Debtor still was entitled to $1,361,640, as well as the $203,176 "Put and Call"

commission, totaling $1,564,816.

44.     On July 29, 2004, the Debtor's commission of $1,564,816 was distributed, in

relevant part, as follows: $300,000 to Korff as per his assignment from the Debtor.

45.      In total, the Debtor caused $300,000 to be improperly transferred to Korff,

consisting of the Debtor assigning Korff $300,000 of his commission at the CPW closing (the

"Korff Transfer").

## V.     The Initial Adversary Proceeding

46.     On October 12, 2007, the Trustee filed an adversary proceeding for turnover,

conversion and fraudulent conveyance against the debtor, Daniel McLean, MCL Companies of

Chicago, PMD Corporation, Brian Farley, Phillip Herlihy, Joseph Korff, John Livingston and SB

Housing, LLC. The case was captioned <u>Kittay v. Palermo, et. al.</u> Adv. Proc. No. 07-8310 (ASH)

(herein after the "Initial Adversary Proceeding").

47.     As the fraudulent conveyances occurred via a series of related and overlapping

real estate transactions the Trustee included all of the defendants in the Initial Adversary

Proceeding.

48.     On November 27, 2007 the parties, except for Joseph Korff and John Livingston,

appeared for an initial conference before Judge Hardin.

49.     At the conference Judge Hardin indicated that he was concerned with having one

adversary proceeding involving multiple defendants, some of whom may have not been involved

in some of the fraudulent conveyances.

50.     Plaintiff, through counsel, maintained that the transactions in questions were related and that the facts sufficiently overlapped to warrant one adversary proceeding.

51.     After a lengthy discussion with all parties who appeared in the action, Judge Hardin adjourned the conference until December 11, 2007, and ordered the parties to confer to discuss the issue of separating the Initial Adversary Proceeding, into separate adversary proceedings.

52.     The parties thereafter met and conferred about this issue.  Although plaintiff maintains that it was appropriate to bring one adversary proceeding against all the defendants, in the interests of judicial economy, the plaintiff agreed to divide the Initial Adversary Proceeding into multiple adversary proceedings.

53.     By agreement of the parties, the plaintiff agreed to amend the complaint in the Initial Adversary Proceeding and proceed solely against the debtor in that proceeding.

54.     The parties further agreed to the plaintiff filing separate adversary proceedings against each defendant or group of related defendants, provided however, that discovery would be conducted jointly for the related adversary proceedings.

55.     On December 11, 2007, a conference was held before Judge Hardin, on the initial adversary proceeding.  The parties set forth, and the court accepted, their agreement, concerning how to separate the initial adversary proceeding.

56.     The plaintiff was provided until January 7, 2007 to amend the initial adversary proceeding and to file the additional separate adversary proceedings.

57.     Judge Hardin held that for purposes of the statute of limitations, the date of filing

10

for the additional adversary proceedings would relate back to the date the Initial Adversary

Proceeding was filed.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C . §§544(b)
and 550 and New York Debtor and Creditor Law §273)**

58.     Plaintiff repeats and realleges each and every allegation set forth above.

59.     The Korff Transfer made by the Debtor to the Korff was made at a time when the

Debtor was insolvent or in the zone of insolvency.  The Korff Transfer was made without fair

consideration and constitute fraudulent conveyances as to creditors.

60.     The Trustee is asserting the rights of unsecured creditors whose unsecured claims

date back to the date of the initial fraudulent conveyance.  The Trustee is also asserting the rights

of open trade account creditors who extended credit to the Debtor at the time of the fraudulent

conveyances and who continued to do so until the time of the bankruptcy.

61.     By reason of the foregoing, such transfers should be avoided and Plaintiff is

entitled to set aside and recover the value of such transfers in an amount to be determined at trial,

which is not less than $300,000 plus interest.

### SECOND CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law §274)**

62.     Plaintiff repeats and realleges each and every allegation contained above.

63.     The Korff Transfer caused the Debtor to become insolvent.

64.     The Korff Transfer was made without fair consideration and constitutes a

fraudulent conveyance as to creditors.

11

65.     The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of the initial fraudulent conveyance.

66.     The Trustee is also asserting the rights of open trade account creditors who extended credit to the Debtor at the time of the fraudulent conveyances and who continued to do so until the time of the bankruptcy.

67.     By reason of the foregoing, the forgoing transfers should be avoided and Plaintiff is entitled to set aside and recover the value of the transfers in an amount to be determined at trial, which is not less than $300,000 plus interest.

**THIRD CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS EXCEPT THE DEBTOR**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**And 550 and New York Debtor and Creditor Law §274)**

68.     Plaintiff repeats and realleges each and every allegation contained above.

69.     The aforementioned Korff Transfer from Debtor to Korff was made while the Debtor was engaged in a business for which the property remaining in its hands after the transfers was unreasonably small capital.

70.     The Korff Transfer was made without fair consideration and constitutes a fraudulent conveyance as to creditors at that time and as to other persons who became creditors during the continuance of the business.

71.     By reason of the foregoing, the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfer in an amount to be determined at trial, which is not less than $300,000, plus interest.

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**

12

**and 550 and New York Debtor and Creditor Law §275)**

72.     Plaintiff repeats and realleges each and every allegation contained above.

73.     The Korff Transfer was made while the Debtor intended to, or believed that it would, incur debts beyond its ability to pay as such debts matured.

74.     The Korff Transfer was made without fair consideration and constitutes a fraudulent conveyances as to both then present and future creditors.

75.     By reason of the foregoing, the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfer in an amount to be determined at trial, which is not less than $300,000, plus interest.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b) and 550 and New York Debtor and Creditor Law §276)

76.     Plaintiff repeats and realleges each and every allegation contained above.

77.     The Korff Transfer was made with actual intent to hinder, delay or defraud either present or future creditors.

78.     By reason of the foregoing, the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfers in an amount to be determined at trial, which is not less than $300,000 plus interest.

## SIXTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550)

79.     Plaintiff repeats and realleges each and every allegation above.

80.     The Korff Transfer  was made with actual intent to hinder, delay or defraud an entity to which the Debtor was indebted or to which the Debtor became indebted after the date of

13

the transfer of the Equity.

81.    The Korff Transfer constitutes a fraudulent conveyance as to the Estate's or Debtor's creditors.

82.    By reason of the foregoing, the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfer in an amount to be determined at trial, which is not less than $300,000, plus interest.

**SEVENTH CLAIM FOR RELIEF**
**(FRAUDULENT CONVEYANCE PURSUANT TO**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(I) AND 550)**

83.    Plaintiff repeats and realleges each and every allegation above.

84.    The Debtor received less than a reasonably equivalent value in exchange for the Korff Transfer.

85.    The Debtor was insolvent on the date of the Korff Transfer or became insolvent as a result of the Korff Transfer.

86.    The Korff Transfer constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

87.    By reason of the foregoing, the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfers in an amount to be determined at trial, which is not less than $300,000 plus interest.

**EIGHTH CLAIM FOR RELIEF**
**(FRAUDULENT CONVEYANCE PURSUANT TO**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(III) AND 550)**

88.    Plaintiff repeats and realleges each and every allegation above.

89.     The Debtor received less than a reasonably equivalent value in exchange for the Korff Transfer.

90.     At the time of the Korff Transfer the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

91.     The Korff Transfer constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

92.     By reason of the foregoing the Korff Transfer should be avoided and Plaintiff is entitled to set aside and recover the value of the transfers in an amount to be determined at trial, which is not less than $300,000 plus interest.

## NINTH CLAIM FOR RELIEF
### (Turnover Pursuant to 11 U.S.C. §542)

93.     Plaintiff repeats and realleges each and every allegation above.

94.     The funds transferred to Korff constitutes Property of the Estate of the Debtor that have benefit and value to the Debtor's bankruptcy estate.

95.     The Korff remains in possession and control of the Property of the Debtor's Estate, i.e., the proceeds of the Korff Transfer.

96.     The Korff's retention of the funds constituting property of the Estate is improper.

97.     Based on the foregoing, the Court should compel Korff to turn over the funds constituting the property of the Estate of the Debtor, and any other monies the Trustee determines through discovery are owed to the Estate, to the Trustee.

## TENTH CLAIM FOR RELIEF
### (Accounting)

98.     Plaintiff repeats and realleges each and every allegation contained above.

15

99.     Korff profited from the Korff Transfer, for which no consideration or inadequate consideration was given to the Debtor.

100.     By reason of the foregoing, the Trustee is entitled to an accounting of all transfers from the Debtor to Korff from January 1999 through the present and an accounting of the reasons for each transfer.

WHEREFORE,  Plaintiff respectfully requests entry of judgment against Defendant:  (i) on the First through Eighth Claims for Relief, voiding the Korff Transfer and and for damages on behalf of the Debtor in an amount to be determined at trial, which is not less than $300,000 as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and attaching the assets of all Defendants to prevent transfers therefrom in the foregoing amounts; (ii) on the Ninth Claim for Relief directing the Korff to turn over the funds constituting the property of the Estate of the Debtor, and any other monies the Trustee determines through discovery are owed to the Estate, to the Trustee; (iii) on the Tenth Claim for Relief directing an accounting of all transfers from the Debtor to Korff from

January 1999 through the present and an accounting of the reasons for each transfer; (iv) granting

the Trustee such other relief as is just and proper.


Dated: New York, New York
       January 7, 2008

                                        STORCH AMINI & MUNVES, P.C.

                                        By: _____
                                            Bijan Amini (BA 3533)
                                            Russell Bogart (RB 0302)
                                            Jonathan Bardavid (JB 0072)
                                        140 East 45th Street, 25th Floor
                                        New York, New York 10017
                                        (212) 490-4100
                                        Attorneys for Plaintiff

17

# EXHIBIT B

99999/0096-3110237v1

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Nolan E. Shanahan (NS-4598)
Attorneys for Defendant, Joseph Korff

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 05 25081 (ASH) |
| DOUGLAS E. PALERMO, | Chapter 7 |
| Debtor. | |
| DAVID R. KITTAY, TRUSTEE | |
| Plaintiff | Adv. Pro. No.  08-8204 (ASH) |
| vs. | **ANSWER** |
| JOSEPH KORFF, | **DEFENDANT DEMANDS** |
| Defendant | **TRIAL BY JURY** |

Defendant Joseph Korff ("Korff" or "Defendant"), by and through his counsel Cole,

Schotz, Meisel, Forman & Leonard, P.A., as and for his Answer to the Complaint of plaintiff

David R. Kittay, Trustee ("Trustee" or "Plaintiff") dated January 7, 2008, hereby states as

follows:

<u>**Introduction**</u>

1.       Defendant makes no response to the allegations contained in paragraph "1" of the

Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to

pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in the paragraph.

2.      Defendant makes no response to the allegations contained in paragraph "2" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

3.      Defendant makes no response to the allegations contained in paragraph "3" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

4.      Defendant makes no response to the allegations contained in paragraph "4" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

5.      Defendant makes no response to the allegations contained in paragraph "5" of the Complaint, inasmuch as the same call for legal conclusions, but if a response were required, Defendant would deny the allegations contained in the paragraph.

**Jurisdiction and Venue**

6.      Defendant makes no response to the allegations contained in paragraph "6" of the Complaint, inasmuch as the same call for legal conclusions, but if a response were required, Defendant would deny the allegations contained in the paragraph.

7.      Defendant makes no response to the allegations contained in paragraph "7" of the Complaint, inasmuch as the same call for legal conclusions, but if a response were required, Defendant would deny the allegations contained in the paragraph.

99999/9999-3109301v1

8.     Defendant makes no response to the allegations contained in paragraph "8" of the Complaint, inasmuch as the same call for legal conclusions, but if a response were required, Defendant would deny the allegations contained in the paragraph.

### The Parties

9.     Defendant makes no response to the allegations contained in paragraph "9" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

10.     With respect to the allegations contained in paragraph "10" of the Complaint, Defendant admits that he is over the age of 18 and resides in the State of New York and Defendant otherwise denies the balance of the allegations set forth in the paragraph.

11.     Defendant admits the allegations contained in paragraph "11" of the Complaint.

### FACTS

12.     Defendant makes no response to the allegations contained in paragraph "12" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

13.     Defendant makes no response to the allegations contained in paragraph "13" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

14.     Defendant makes no response to the allegations contained in paragraph "14" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed

3

to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

15.     Defendant makes no response to the allegations contained in paragraph "15" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the same and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

16.     Defendant makes no response to the allegations contained in paragraph "16" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the same and respectfully refers the Court to the documents referenced therein for a full and accurate statement of their contents.

**I.     Entities That The Debtor Controlled**

17.     Defendant makes no response to the allegations contained in paragraph "17" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

18.     Defendant makes no response to the allegations contained in paragraph "18" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

19.     Defendant makes no response to the allegations contained in paragraph "19" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed

to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

20.     Defendant makes no response to the allegations contained in paragraph "20" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

21.     Defendant makes no response to the allegations contained in paragraph "21" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

22.     Defendant makes no response to the allegations contained in paragraph "22" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

23.     Defendant makes no response to the allegations contained in paragraph "23" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

24.     Defendant makes no response to the allegations contained in paragraph "24" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

25.     Defendant makes no response to the allegations contained in paragraph "25" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

**II.     455 Central Park West Transaction**

26.     Defendant denies the allegations contained in paragraph "26" of the Complaint.

27.     Defendant makes no response to the allegations contained in paragraph "27" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

28.     Defendant makes no response to the allegations contained in paragraph "28" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

29.     Defendant makes no response to the allegations contained in paragraph "29" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

30.     Defendant makes no response to the allegations contained in paragraph "30" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

31.     Defendant makes no response to the allegations contained in paragraph "31" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed

to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

32.     Defendant makes no response to the allegations contained in paragraph "32" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

33.     Defendant makes no response to the allegations contained in paragraph "33" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

34.     Defendant makes no response to the allegations contained in paragraph "34" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

35.     Defendant makes no response to the allegations contained in paragraph "35" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

36.     Defendant makes no response to the allegations contained in paragraph "36" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

37.    Defendant makes no response to the allegations contained in paragraph "37" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

38.    Defendant makes no response to the allegations contained in paragraph "38" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

39.    Defendant makes no response to the allegations contained in paragraph "39" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

**III.    Restraining Notices Are Served on the Debtor**

40.    Defendant makes no response to the allegations contained in paragraph "40" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

**IV.    Debtor Arranges to Circumvent the Restraining Notices**

41.    Defendant makes no response to the allegations contained in paragraph "41" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

42.    With respect to the allegations contained in paragraph "42" of the Complaint, Defendant admits that a sum was assigned to him from the proceeds of the 455 Central Park

8

West transaction as repayment of funds loaned previously to the Debtor and Defendant otherwise denies the allegations set forth in the paragraph.

43.    Defendant makes no response to the allegations contained in paragraph "43" of the Complaint, inasmuch as the same do not pertain to him. To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

44.    With respect to the allegations contained in paragraph "44" of the Complaint, Defendant admits that he received $300,000 from the proceeds of the closing of the Central Park West transaction as repayment of funds loaned previously made to the Debtor and Defendant otherwise denies the allegations set forth in the paragraph.

45.    Defendant denies the allegations contained in paragraph "45" of the Complaint.

**V.    The Initial Adversary Proceeding**

46.    Defendant makes no response to the allegations contained in paragraph "46" of the Complaint, inasmuch as the same do not pertain to him. To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

47.    Defendant makes no response to the allegations contained in paragraph "47" of the Complaint, inasmuch as the same do not pertain to him. To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

48.    Defendant makes no response to the allegations contained in paragraph "48" of the Complaint, inasmuch as the same do not pertain to him. To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

49.      Defendant makes no response to the allegations contained in paragraph "49" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

50.      Defendant makes no response to the allegations contained in paragraph "50" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

51.      Defendant makes no response to the allegations contained in paragraph "51" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

52.      Defendant makes no response to the allegations contained in paragraph "52" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

53.      Defendant makes no response to the allegations contained in paragraph "53" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

54.      Defendant makes no response to the allegations contained in paragraph "54" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed

99999/9999-3109301v1

to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

55.     Defendant makes no response to the allegations contained in paragraph "55" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

56.     Defendant makes no response to the allegations contained in paragraph "56" of the Complaint, inasmuch as the same do not pertain to him.  To the extent the same are deemed to pertain to him, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph.

57.     Defendant makes no response to the allegations contained in paragraph "57" of the Complaint, inasmuch as the same call for legal conclusions , but if a response were required, Defendant would deny the allegations contained in the paragraph.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b) and 550 and New York Debtor and Creditor Law § 273)

58.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

59.     Defendant denies the allegations contained in paragraph "59" of the Complaint.

60.     Defendant denies the allegations contained in paragraph "60" of the Complaint.

61.     Defendant denies the allegations contained in paragraph "61" of the Complaint.

11

## SECOND CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law § 274)

62.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

63.     Defendant denies the allegations contained in paragraph "63" of the Complaint.

64.     Defendant denies the allegations contained in paragraph "64" of the Complaint.

65.     Defendant denies the allegations contained in paragraph "65" of the Complaint.

66.     Defendant denies the allegations contained in paragraph "66" of the Complaint.

67.     Defendant denies the allegations contained in paragraph "67" of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law § 274)

68.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

69.     Defendant denies the allegations contained in paragraph "69" of the Complaint.

70.     Defendant denies the allegations contained in paragraph "70" of the Complaint.

71.     Defendant denies the allegations contained in paragraph "71" of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law § 275)

72.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

73.     Defendant denies the allegations contained in paragraph "73" of the Complaint.

74.     Defendant denies the allegations contained in paragraph "74" of the Complaint.

75.     Defendant denies the allegations contained in paragraph "75" of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**and 550 and New York Debtor and Creditor Law § 276)**

76.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

77.     Defendant denies the allegations contained in paragraph "77" of the Complaint.

78.     Defendant denies the allegations contained in paragraph "78" of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)**

79.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

80.     Defendant denies the allegations contained in paragraph "80" of the Complaint.

81.     Defendant denies the allegations contained in paragraph "81" of the Complaint.

82.     Defendant denies the allegations contained in paragraph "82" of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§**
**548(a)(1)(B)(i) and (ii)(I) and 550)**

83.     Defendant repeats, realleges and incorporates herein each and every response to

the prior allegations of the Complaint as though more fully set forth at length herein.

84.     Defendant denies the allegations contained in paragraph "84" of the Complaint.

85.     Defendant denies the allegations contained in paragraph "85" of the Complaint.

86.     Defendant denies the allegations contained in paragraph "86" of the Complaint.

87.     Defendant denies the allegations contained in paragraph "87" of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§**
**548(a)(1)(B)(i) and (ii)(III) and 550)**

88.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

89.    Defendant denies the allegations contained in paragraph "89" of the Complaint.

90.    Defendant denies the allegations contained in paragraph "90" of the Complaint.

91.    Defendant denies the allegations contained in paragraph "91" of the Complaint.

92.    Defendant denies the allegations contained in paragraph "92" of the Complaint.

**NINTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§**
**548(a)(1)(B)(i) and (ii)(III) and 550)**

93.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

94.    Defendant denies the allegations contained in paragraph "94" of the Complaint.

95.    Defendant denies the allegations contained in paragraph "95" of the Complaint.

96.    Defendant denies the allegations contained in paragraph "96" of the Complaint.

97.    Defendant denies the allegations contained in paragraph "97" of the Complaint.

**TENTH CLAIM FOR RELIEF**
**(Accounting)**

98.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

99.    Defendant denies the allegations contained in paragraph "99" of the Complaint.

100.    Defendant denies the allegations contained in paragraph "100" of the Complaint.

14

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The relief sought in the Complaint will not benefit the estate as required by 11 U.S.C. §

550(a).

### JURY DEMAND

Defendant hereby demands a trial by jury in this action.

WHEREFORE, Defendant demands judgment denying the relief sought in and

dismissing the Complaint in its entirety, together with all such other and further relief the Court

deems just, necessary and proper.

DATED:      New York, New York
            February 20, 2008

                         COLE, SCHOTZ, MEISEL,
                         FORMAN & LEONARD, P.A.
                         A Professional Corporation


                  By:    _/s/ Laurence May_____
                         Laurence May, Esq. (LM-9714)
                         Nolan E. Shanahan, Esq. (NS-4598)
                         Attorneys for Defendant
                         Joseph Korff
                         900 Third Avenue, 16th floor
                         New York, NY 10022-4728
                         (212) 752-8000

15

TO:

STORCH AMINI & MUNVES, PC
Attn:    Bijan Amini (BA-3533)
         Russell Bogart (RB-0320)
         Jonathan Bardavid (JB-0072)
Attorneys for Plaintiff
David R. Kittay, Trustee
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

16